IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | § |
| Plaintiff, | § Case No: |
| vs. | § PATENT CASE |
| CLOUD4WI, INC., | § |
| Defendant. | § |

# COMPLAINT

Plaintiff Display Technologies, LLC ("Plaintiff" or "Display") files this Complaint against Cloud4Wi, Inc. ("Defendant" or "Cloud4Wi") for infringement of United States Patent No. 9,300,723 (the " '723 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a place of business at 1801 NE 123rd Street, Suite 314, North Miami, FL 33161.

4. On information and belief, Defendant is a Delaware corporation with a place of business at 68 Jay Street, New York, NY 11201. On information and belief, Defendant may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

11. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as Exhibit A.

12. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by

one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Cloud4Wi Proximity marketing system, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

14. Regarding Claim 1, the Product is configured for customers to receive a media file (e.g. notification or offer) by a media terminal (e.g. smartphone) from a media node (e.g. WiFi terminal) over a communication network (e.g. WiFi network) through a communication link. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



## Wizard-driven Proximity Marketing

Using a wizard approach, our "Proximity" app guides you through a simple four-step process for defining the campaign:

1) select a triggering event such as a site visit, a sign-in or a log out;

2) select the appropriate channel for delivery such as SMS and email;

3) define the scope of the campaign by specifying audience, time and place;

4) choose customized content, which can deploy images, rich text, video, coupons and surveys to support the message of the campaign.

Unlike other proximity marketing platforms, which alert based on closeness to a particular location using GPS, or require the smart device to be running a particular app, the Cloud4Wi platform automatically recognizes users who have previously used the guest WiFi.

If the system knows an email or SMS address of the customer, when the customer approaches the FogSense WiFi sensor, an email or text message can be launched. Alternatively, the system can send messages based on the visit, hours even days afterward, or after a certain number of visits have been recorded, like a loyalty program.

Advanced criteria can be used, such as previous shopping history or whatever other big data is available.

To be clear, some of what we are describing is still in development while other parts are available today. We will have future announcements in this area, but if it is interesting to you, please get in touch right away. Your needs and comments can play a significant role in the future of proximity marketing services at Cloud4Wi.

Source: https://cloud4wi.com/splash-guest-wifi/
Source: https://cloud4wi.com/resources/proximity-marketing-create-maximum-engagement-with-customers/

15.     The Product includes at least one media terminal in an accessible relation to at least one interactive computer network.  For example, the Product detects a smartphone (at least one media terminal) in range of WiFi signals. Certain aspects of this element are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



Source: https://cloud4wi.com/
Source: https://cdn2.hubspot.net/hubfs/877744/Website%20Resources/Data%20Sheet/Volare%20Splash%20-%20Data%20Sheet.pdf?

16.     The Product includes a wireless range structured to permit authorized access to said at least one interactive computer network.  For example, the Wi-Fi signals detect the smartphone through Wi-Fi signals when the smartphone is within a certain wireless range.  When within the wireless range, the smartphone can access the wireless network (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



**Customize every aspect of your guest WiFi services**

- Design a beautiful splash page in line with your branding with out of the box tools
- Fully localize each location's experience, content, and language
- Customize the guest WiFi onboarding, including multiple login options
- Define the internet access policies to use your guest WiFi services

Source: https://cloud4wi.com/splash-guest-wifi/

17. The Product includes at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal. For example, the media node (W-Fi server) sends out continuous signals which are detected by the smartphone (at least one media terminal) when the smartphone is within Wi-Fi range. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://cloud4wi.com/compass-location-based-customer-insights/

18. The Product includes at least one digital media file initially disposed on at least one of said at least one media terminal or said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range. For example, marketers can store promotional information within the server (media node) which is pushed to the media terminal (smartphone) when the app residing within the smartphone (media terminal) detects the WiFi network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://cloud4wi.com/compass-location-based-customer-insights/

19. The Product includes a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network. For example, when the app within the smartphone (media terminal) detects the WiFi network, it connects to a server (media node) through the network (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://cloud4wi.com/compass-location-based-customer-insights/

20.     The communication link is initiated by said at least one media terminal.  For example, the Wi-Fi network is the link for communication between media terminal (smartphone) and merchant.  The link is initiated by the smartphone (media terminal) when the smartphone user activates Wi-Fi on their smartphone and joins the network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://cloud4wi.com/compass-location-based-customer-insights/

21.     The at least one media node and said at least one media terminal are structured to transmit said at least one digital media file therebetween via said communication link.  For example, when the merchant Wi-Fi terminal (media node) detects a smartphone (media terminal), the merchant can target users by transmitting ads, notifications, etc. (digital media file) to be displayed on the smartphone (media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.





Source: https://cloud4wi.com/compass-location-based-customer-insights/

22.     The communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal.  For example, the communication link is structured so that users having multiple login options into the Wi-Fi network (e.g., through social media or password) have seamless authentication.  Thus, the user does not need to enter a password each time they enter the network (bypassing the security measure). Users can receive notifications (digital media file) which are triggered on their smartphones (media terminal) by the merchant. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.




Source: https://cdn2.hubspot.net/hubfs/877744/Website%20Resources/Data%20Sheet/Volare%20Splash%20-%20Data%20Sheet.pdf?
Source: https://cloud4wi.com/compass-location-based-customer-insights/

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,300,723 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 22, 2020                        Respectfully submitted,


*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**